The Chief Justice
delivered the opinion of the court.
This was an action of ejedment brought by Coleman against Casey, to recover the possession of a lot in the town of Cynthiana. On ¿he trial, Coleman having given in evidence a deed from William Harrison, who had a title regularly derived from the trustees of the town, and Casey having proved that he had, previous to the date of Coleman’s deed, contracted with Harrison for the purchase of the lot, and paid him therefor; and haying also produced testimony conducing to shew that Coleman had notice of his prior purchase from Harrison, the circuit court, on the motion of Casey, instructed the jury, that if they were satisfied from the evidence, that Casey had made the contract for the purchase of the lot and paid therefor, and that Coleman had notice thereof before he purchased and received his conveyance from Harrison, that it was prima facie evidence of fraud, and that Coleman could not recover in this action. To the giving of this instruction Coleman excepted; and the only question we deem material to be considered is, w hether the decision of the circuit court on this point was correct or not.
It is very evident, notwithstanding Casey’s contract to purchase the lot, that the legal title remained in Harrison, and of course he could convey it to Coleman.
The efficacy of the deed from Harrison to Coleman to transfer the legal title, is questioned only on the ground of its being fraudulent: but the deed, though fraudulent, is not void, except as to creditors and purchasers; and according to the decision of this court in the case of Gilpin vs. Davis, 2 Bibb, 416, Casey is not in a situation either as a creditor or purchaser, to avail himself of this objection in a court of law.
The instruct ion of the circuit court was therefore erroneous.
Judgment reversed.with cost, and the cause remanded for a new trial to be had, not inconsistent with this opinion.
The counsel for the appellee petitioned for a rehearing of this cause, and relied for success on the point, “that where a fraud is clearly shewn, law, as well as chancery, has a power to punish and restrain it,’’ but the court overruled the petition, and ordered the opinion to stand unaltered.